**Thomas E. McDermott,** OSB #762430
Email: tmcdermott@lindsayhart.com
**Tyson L. Calvert,** OSB #032809
Email: tcalvert@lindsayhart.com
LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697

      Attorneys for Defendant JOB1USA, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CASSANDRA CRETIAN, LOLITA BENNET, CHARLES DIAHN, BRIAN W. FITCH, GILBERT NEVERS, HASSAN NOOR, BARNABE SANTOS, and CHARLES FRAZIER,<br><br>    Plaintiffs,<br><br>v.<br><br>JOB1USA, INC. an Ohio corporation,<br><br>    Defendant. | Case No. 3:09-CV-770-ST<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

Defendant JOB1USA, Inc., through its counsel, opposes Plaintiffs' Motion to Remand and responds as follows:

## I. INTRODUCTION

On May 8, 2009, plaintiffs served a summons upon defendant's registered agent together with a complaint filed on or about May 6, 2009 in the Circuit Court of the State of Oregon for the County of Multnomah entitled, *Cassandra Cretian, et. al. v. JOB1USA, Inc.,* Case No. 0905-06359. On July 6, 2009, defendant removed plaintiffs' state court complaint to this Court. The issue for decision on plaintiffs' motion to remand is whether defendant's removal was timely under 28 U.S.C. § 1446(b).

Page 1 - **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

## II. FACTS

Beginning June 18, 2009 and continuing through June 25, 2009, defendant's counsel attempted to contact plaintiffs' counsel via telephone and email regarding the allegations contained in plaintiffs' complaint. Declaration of Tyson Calvert, ¶¶ 2-4. On June 30, 2009, plaintiffs' counsel returned the calls and discussed the allegations related to defendant's citizenship. *Id.* at ¶ 5. Plaintiffs' state court complaint alleged:

> "2. Defendant Job1USA, Inc. is an Ohio corporation doing substantial business in Multnomah County…"

After explaining to plaintiffs' counsel the need for clarification of this allegation, plaintiffs' counsel indicated that "doing substantial business in Multnomah County" was not intended to have the same meaning as "principal place of business." Calvert Dec. at ¶ 5. Once this distinction was ascertained, defendant's counsel sent plaintiffs' counsel a confirming letter dated July 2, 2009. *Id.* at ¶ 6. Based on the clarification from plaintiffs' counsel and receiving no objection to the contents of the confirming letter, it became apparent that plaintiffs' state court complaint was now removable. On July 6, 2009, defendant removed the complaint to federal court. On August 3, 2009, plaintiffs filed a motion to remand.[1]

---

[1] Interestingly, plaintiffs' co-counsel, Don Willner, filed a wage and hour putative class action complaint against JOB1USA, Inc. in this Court on July 22, 2009, *Cretian, et al. v. JOB1USA, INC.,* CV 09-836-MO. With the exception of one plaintiff, all of the named plaintiffs are the same in both cases. In their motion to remand, plaintiffs contend that if this matter is not remanded, plaintiffs will incur injury due to the more complex, extensive, and costly federal court procedure to which they would be subjected. It seems disingenuous for plaintiffs to claim hardship if the present action remains in federal court while they simultaneously seek the benefit of federal procedure in their class action claim against the same defendant.

Page 2 - **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

LINDSAY, HART, NEIL & WEIGLER, LLP

## III. DISCUSSION

**A.  Grounds for Removal Must Be Clearly Stated in the Complaint In Order for the First 30 Day Clock to Start.**

28 U.S.C. §1446(b) addresses the time within which an action must be removed and when the "clock" begins to run. Pursuant to the statute, a defendant must file a notice of removal within thirty (30) days from the date she first objectively learns that an action is removable. More specifically, the thirty (30) day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction. *Harris v. Bankers Life and Casualty Company,* 425 F3d 689, 691 (9th Cir 2005) (*quoting Chapman v. Powermatic, Inc.,* 969 F2d 160 (5th Cir 1992)); *Lovern v. General Motors Corp.,* 121 F3d 160 (4th Cir 1997). 28 U.S.C. §1446(b) provides two thirty (30) day windows during which a case may be removed – during the first thirty (30) days after the defendant receives the initial pleading or during the first thirty (30) days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b) (*quoting Harris, supra,* at 692). Here, the second thirty (30) day window applies because the plaintiffs' state court complaint did not affirmatively reveal on its face a basis for federal court jurisdiction (i.e., diversity jurisdiction).

In *Harris v. Bankers Life & Casualty Co., supra,* the Ninth Circuit addressed when the thirty (30) day removal clock is triggered in situations where "it is unclear from the complaint whether the case is removable." The court identified three removal scenarios presented in a potential diversity case: (1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint, i.e., complete diversity of citizenship; (2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint, i.e., lack of complete diversity; or (3) it is unclear from the complaint whether the

case is removable, i.e., the citizenship of the parties is unstated or ambiguous. This last scenario is sometimes referred to as an "indeterminate" pleading. *Harris, supra* at 692-93.

Here, plaintiffs' state court complaint was unclear on its face regarding defendant's alleged citizenship in paragraph 2 of their complaint. A corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1); *Boos v. Pier 1 Imports-West, Inc.,* 2001 WL 34045716 (D Or 2001, Stewart, Magistrate J.); *Tosco Corp. v. Communities for a Better Environment,* 236 F3d 495, 499 (9th Cir 2001). Defendant is an Ohio corporation with its principal place of business in Vancouver, Washington, *see* Notice of Removal/Hall Aff, ¶ 2. If plaintiffs' allegation of "doing substantial business in Multnomah County" was the same as "principal place of business" there would be no diversity between the parties on the face of the complaint for purposes of federal court jurisdiction. From an objective reading of this allegation it is unclear on its face whether this allegation sets forth defendant's citizenship for purposes of diversity jurisdiction. However, upon receiving subsequent confirmation from plaintiffs' counsel that "doing substantial business in Multnomah County" had no relation to and did not mean "principal place of business," as well as a confirming affidavit from defendant's representative that defendant's principal place of business is in Vancouver, Washington, this complaint became removable at that point in time. Defendant filed its Notice of Removal within the second thirty (30) day window as required by 28 U.S.C. §1446(b).

Plaintiffs' state court complaint was ambiguous as to defendant's citizenship. As such, once the complaint became removable (i.e., defendant confirming with plaintiffs' counsel the meaning of "substantial business in Multnomah County), defendant had thirty (30) days to remove the case to this court. The affidavit of defendant's representative shows that defendant's

Page 4 - **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

LINDSAY, HART, NEIL & WEIGLER, LLP

principal place of business is in Vancouver, Washington. As such, it is now apparent that there is complete diversity between the parties and this Court has jurisdiction to adjudicate this case.

### B. Defendant is Under No Duty to Investigate Jurisdictional Facts Within the First 30 Days.

Plaintiffs cite to *Harris, supra*, for the holding that notice of removability under § 1446(b) is determined through an examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Id.* at 694. Yet throughout their motion, plaintiffs argue that within the first thirty (30) day time limit defendant knew its principal place of business and knew it did substantial business in Multnomah County. However, under *Harris,* it is without consequence if defendant knew jurisdictional facts contrary to the pleadings. The *Harris* court considered and rejected the proposition that a defendant has a duty to investigate – in its own records or otherwise – a basis for removal when the pleading does not disclose one on its face. It also rejected the suggestion that the defendant's subjective knowledge or a "clue" in the complaint might trigger the thirty (30) day clock. *Id.* at 696. Rather, the Court held that "notice of removability" under §1446(b) is determined through the "four corners of the applicable pleading." *Id.* at 694. The court approvingly quoted the Fourth Circuit in rejecting any inquiry into the defendants' subjective knowledge in order to avoid a "mini-trial" regarding who knew what and when. *Id.* at 695 (*quoting Lovern,* 121 F3d at 162).

Here, defendant had no duty to inquire or investigate within the first thirty (30) days as to the clear meaning of plaintiffs' allegations in paragraph 2 of their state court complaint as plaintiffs suggest. Defendant's only duty was to file a notice of removal within thirty (30) days of ascertaining that the complaint was indeed removable. Here, defendant filed six (6) days after confirming with plaintiffs' counsel and the revelation of grounds for removal.

Page 5 - DEFENDANT'S MEMORANDUM  
        IN OPPOSITION TO  
        PLAINTIFFS' MOTION TO  
        REMAND

LINDSAY, HART, NEIL & WEIGLER, LLP

### C. The Doctrine of Laches Is Not Applicable In This Motion.

Plaintiffs cite no federal case law to support their argument that laches applies in this motion. Plaintiffs only support are citations to Oregon case law that do not address or relate to the applicability of the laches doctrine to the federal removal statute.

Plaintiffs' laches argument is apparently grounded on the basis that an unreasonable amount of time passed from plaintiffs' state court filing and defendant's removal. However, as set forth above, defendant's removal filing was well within the time period contemplated by 28 U.S.C. §1446(b). Moreover, as the *Harris* court held, defendant's knowledge of jurisdictional facts outside of the four corners of the initial pleading is without consequence. Defendant's removal filing was within the second 30-day window and less than one year from plaintiffs' initial filing as required by 28 U.S.C. § 1446(b). Plaintiffs' claim that they will suffer damages "by being subjected to the much more complex and extensive Federal Court procedure" should be rejected given their recent federal court filing against the same defendant. *See* footnote 1, *supra*. Plaintiffs' laches argument is without merit.

### IV. CONCLUSION

Defendant timely removed this case after it ascertained that this case was removable. Defendant complied with the removal statutes and based on the *Harris* holding, plaintiffs' motion to remand should be denied.

Dated this 13th day of August, 2009.

LINDSAY, HART, NEIL + WEIGLER, LLP

By: *s/ Tyson L. Calvert*
_____
Thomas E. McDermott, OSB No. 762430
tmcdermott@lindsayhart.com
Tyson L. Calvert, OSB No. 032809
tcalvert@lindsayhart.com