IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASSANDRA CRETIAN, *et al.*,

        Plaintiffs,                    CV-09-770-ST

      v.                                    FINDINGS AND
                                                    RECOMMENDATION

JOB1USA, INC., an Ohio corporation,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

On May 6, 2009, plaintiffs, who are former employees of defendant Job1USA, Inc. ("Job1USA"), filed a claim for employment discrimination pursuant to ORS 659A.030 in Multnomah County Circuit Court as Case No. 0905-06359. Plaintiffs allege that Job1USA discriminated against them on numerous bases including race, nationality, gender, sexual orientation, disability, and religion. Complaint, ¶¶ 5-14 (docket #1, Ex. 2). On July 6, 2009, Job1USA filed a notice of removal pursuant to 28 USC §§ 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332. Contending that this notice of removal was untimely,

1 - FINDINGS AND RECOMMENDATION

plaintiffs move to remand this case back to state court (docket #8). For the reasons set forth below, that motion should be granted.

## FINDINGS

Subject to strict time constraints, defendants in a state court action may remove that action to federal court when the case could have originally been brought in federal court. 28 USC §§ 1441, 1446(b). One basis for federal court jurisdiction is the complete diversity of all parties on one side of the action from all parties on the other side of the action. 28 USC § 1332; *In re Digimarc Corp. Derivative Litigation*, 549 F3d 1223, 1234 (9th Cir 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff.") (citation omitted). Under 28 USC § 1446(b), a case may be removed under two different 30-day windows. The first requires the notice of removal to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The second provides that when the "case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

Plaintiffs argue that the first 30-day window applies, such that Job1USA had 30 days after May 8, 2009, when it received service of the summons and complaint, to remove this case to federal court. If plaintiffs are correct, then Job1USA's notice of removal filed 59 days later on July 6, 2009, was not timely, and this court should remand the case back to state court. *Id*;

*see Babasa v. LensCrafters, Inc.*, 498 F3d 972, 974 (9th Cir 2007) ("If a notice of removal is filed after th[e] thirty-day window, it is untimely and remand to state court is therefore appropriate.") (citation omitted).

Job1USA contends that the second 30-day window applies because it was unable to ascertain the basis of federal court jurisdiction until June 30, 2009. The purported ambiguity arises from an allegation in the Complaint that Job1USA, Inc. "is an Ohio corporation doing substantial business in Multnomah County." Complaint, ¶ 2. Based on this language, Job1USA maintains that it was unable to determine whether plaintiffs intended to assert that its principal place of business was in Multnomah County, thereby precluding diversity jurisdiction. *See* 28 USC § 1332(c) (stating "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Job1USA's counsel attempted to communicate with plaintiffs' counsel beginning on June 18, 2009, to determine the nature of this allegation, but was unable to reach him until June 30, 2009. Calvert Decl. (docket #13), ¶¶ 2, 5. On that day, plaintiffs' counsel advised that the allegation was included only to establish venue and was not intended to refer to Job1USA's principal place of business for purposes of federal diversity jurisdiction. *Id*, ¶ 5; *see* ORS 14.080(1), (2).

In the Ninth Circuit, the 30-day period for removal "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F3d 689, 690-91 (9th Cir 2005) (alterations in original), quoting *Chapman v. Powermatic, Inc.*, 969 F2d 160, 163 (5th Cir 1992). "If no ground for removal is evident in that pleading," then "'the case stated by the initial pleading is not removable.'" *Id* at 694, quoting 28 USC § 1446(b). In that event,

3 - FINDINGS AND RECOMMENDATION

the 30-day clock does not start running until "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id*, quoting 28 USC § 1446(b). Whether grounds for removal are evident in an initial pleading is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*.

When construing the removal and remand procedures, the general rule is to strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566; *see also Durham v. Lockheed Martin Corp.*, 445 F3d 1247, 1252 (9th Cir 2006).

Job1USA admits that it was able to determine the citizenship of each plaintiff from the Complaint. Notice of Removal, ¶¶ 6-8. However, relying on the principles set forth in *Harris*, Job1USA argues that because the Complaint contained ambiguous information about its own citizenship, the 30-day period for removal did not begin when it was first served. Only after the ambiguity was cleared up through consultation with plaintiffs' counsel did the Complaint affirmatively reveal the existence of the facts necessary for federal court jurisdiction, namely, Job1USA's own citizenship. Job1USA also argues that the fact that it knew its own citizenship is irrelevant because notice of removability cannot be premised upon "subjective knowledge."

Job1USA is wrong. This court need not inquire into Job1USA's subjective knowledge of jurisdictional facts in order to conclude that the Complaint establishes the facts necessary to

establish federal court jurisdiction. Job1USA is presumed to know its own citizenship; indeed, it is in the best position to know it. The cases overwhelmingly support these propositions, and nothing in *Harris* indicates otherwise. *See Praisler v. Ryder Integrated Logistics, Inc.*, 417 F Supp2d 917, 920 (ND Ohio 2006) (noting rule in *Harris* and similar cases but concluding that "a defendant's citizenship does not . . . bring the defendant's subjective knowledge into play, since an individual or a corporate defendant can be expected to know its own citizenship"); *City of Albion v. Guar. Nat'l Ins. Co.*, 35 F Supp2d 542, 547 (WD Mich 1998) (explaining that "a defendant is expected to know its own principal place of business"); *Alliance Fin. Servs. v. Villa Del Rey-Roswell, Ltd.*, 879 F Supp 1140, 1142 (D Utah 1995) (defendant had sufficient knowledge to ascertain removability despite the fact that the plaintiff had misidentified it in the complaint); *Florentino v. Huntingside Asssocs.*, 679 F Supp 3, 5 (ED Pa 1987) (limited partnership defendant is presumed to know citizenship of its partners); *Universal Motors Group v. Wilkerson*, 674 F Supp 1108, 1113 n2 (SDNY 1987) (plaintiff did not need to identify defendants' citizenship on summons in order for defendants to ascertain removability); *Day v. Zimmer Inc.*, 636 F Supp 451, 453 (NDNY 1986) (inclusion of defendant's address on summons was "incidental, because even if it is wrong, obviously defendant [was] in the best position to know its residence for diversity purposes."); *Villareal v. Demarco*, Civil No. 09-0452 PA, 2009 WL 279111, *2-3 (CD Cal Feb. 5, 2009) (finding that *Harris* does not require a plaintiff to plead the defendant's citizenship to start the time period for removal running because "[d]efendants are in the best position to know their own citizenship"); *ASC Utah Inc. v. Wolf Mountain Resorts, Inc.*, Civil No. 08CV61DAK, 2008 WL 304714, *2 (D Utah Jan. 31, 2008) (finding defendant was "charged with knowledge of its own citizenship" for purposes of removability) (citation

omitted); *Dugdale v. Nationwide Mut. Fire Ins.*, Civil No. 4:05CV138, 2006 WL 335628, *6 (ED Va Feb. 14, 2006) (finding that while a defendant need not investigate plaintiff's citizenship, "certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship"), citing *Lovern v. Gen. Motors Corp.*, 121 F3d 160, 163 (4th Cir 1997).

The defendant in *Harris* did not deny knowing its own citizenship. It argued only that it lacked knowledge that plaintiff had abandoned its claim against a non-diverse defendant (Brown), who, it turned out, was dead. The court held that the defendant was not required to investigate the jurisdictional facts (*i.e.*, whether the Brown was a proper party to the lawsuit) within 30 days of the filing of the initial complaint or to notice and follow-up on "clues" that may have been uncovered through discovery. Instead, the defendant could rely on the face of the initial pleading until "it became apparent that [the plaintiff] had abandoned his claims against Brown." *Harris*, 425 F3d at 696. Only at that point did "the complete diversity between the remaining parties first became ascertainable." *Id*, citing *S. Pac. Co. v. Haight*, 126 F2d 900, 905 (9th Cir 1942).

The court in *Harris* expressed two concerns about a rule which would require an inquiry into a defendant's subjective knowledge of jurisdictional facts, neither of which is implicated here. First, the court feared that requiring a defendant to act on its subjective knowledge would spawn collateral litigation or "'mini-trial[s] regarding who knew what and when.'" *Id* at 695, 697, quoting *Lovern*, 121 F3d at 162. No such mini-trial is necessary here as Job1USA can readily ascertain its own citizenship immediately upon receiving a complaint, regardless of misleading information that may appear within the complaint. *See Day*, 636 F Supp at 451.

Second, the court was concerned that relying on the defendant's subjective knowledge or efforts to discover whether jurisdiction existed apart from the complaint would encourage premature removals by a defendant afraid of waiving their right to remove. *Harris*, 425 F3d at 697. Because diversity jurisdiction is "based on the status of the parties at the outset of the case[,]" *id* at 695 (citation omitted), where the complaint contains adequate information for the defendant to ascertain all jurisdictional facts but its own citizenship, premature removal is not a problem. Here, Job1USA knew immediately whether or not removal was possible, with no risk of filing a notice of removal before the necessary facts could be uncovered.

Finally, neither *Harris* nor *Lovern* which it cites favorably suggest that a defendant's own citizenship is "subjective knowledge." As recounted in *Harris*, the plaintiff's complaint did not allege the removing defendant's principal place of business, yet the court held that the defendant could sufficiently ascertain removability once it became apparent that the non-diverse defendant was not a proper party. Similarly, in *Lovern*, the court indicated that the 30-day period was triggered once the defendant was notified of plaintiff's citizenship without mentioning the date that the defendant was aware of its own citizenship.

This court's conclusion does not require a defendant to investigate jurisdictional facts or rely on clues from the complaint. A defendant is merely expected to know its own citizenship. Plaintiffs did not educate Job1USA on this point on June 30, 2009. Job1USA is presumed to have known it on May 8, 2009, when it received the summons and complaint. Because Job1USA's notice of removal was not submitted until 59 days later, it is untimely.

///

7 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Plaintiffs' motion to remand (docket #8) should be GRANTED, and this case should be REMANDED back to the Multnomah County Circuit Court.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 5, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of , September 2009.

                                             s/ Janice M. Stewart_____
                                             Janice M. Stewart
                                             United States Magistrate Judge